# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

## No. 25-2314 (4:24-cv-00051-M-RN)

## INFORMAL BRIEF

CYNTHIA B. AVENS
Plaintiff - Appellant

v.

FARIS C. DIXON, JR., District Attorney
PITT COUNTY MEMORIAL HOSPITAL, INC.
DR. KAREN KELLY, Medical Examiner
JOHN/JANE DOE
JOHN/JANE DOE
Defendants – Appellees

**Re:** Avens v. Dixon et al. 25-2314

**JURISDICTION:**

**Name of the court from which you are appealing:** United States District Court for the Eastern District of North Carolina at Wilmington

**Dates of the order or orders for which review is sought:** DE 114 Order and DE 115 Judgement, both entered September 25, 2025

## ISSUE 1

**Whether the district court erred by dismissing all federal claims with prejudice while acknowledging that discovery remained stayed and the case was in its**

**early posture, effectively depriving Avens of a fair opportunity to present or develop her evidence.**

## SUPPORTING FACTS AND ARGUMENT:

Judge Myers dismissed with prejudice—a merits ruling—even though discovery has been stayed since August 19, 2024 (DE 59). He acknowledged this in his DE 114 Order (p. 20), noting, "given the **early posture** of this case, including the **stay of all discovery currently in place**, Plaintiff's Motion for Sanctions for Spoliation of Evidence [DE 111] is DENIED WITHOUT PREJUDICE."

By issuing a with-prejudice dismissal while discovery was barred, the court ruled on the sufficiency of evidence that Cynthia Avens ("Avens") was never allowed to obtain or present. This contravenes established Fourth Circuit precedent that a dismissal with prejudice may not issue before a plaintiff has had a fair opportunity to develop the factual record. See *Ostrzenski v. Seigel*, 177 F.3d 245, 252–53 (4th Cir. 1999) ("Dismissal with prejudice is a harsh sanction and should be used only when the plaintiff has had the opportunity to amend or develop the facts.").

The error is structural: The court simultaneously recognized the case was in its "early posture" yet rendered a final adjudication on the merits. That

contradiction deprived Avens of procedural due process and foreclosed meaningful fact development, warranting vacatur and remand for discovery.

## ISSUE 2

**Whether the district court committed reversible error by dismissing the § 1983 claims without first deciding the two threshold dispositive issues of state action and the statute of limitations, thereby failing to conduct the required de novo review.**

### SUPPORTING FACTS AND ARGUMENT:

The district court's entire analysis of the claims against ECU Health rests on a flawed procedural foundation. The magistrate judge explicitly refused to decide the two most critical threshold questions: whether ECU Health is a state actor **and** whether the claims were barred by the statute of limitations. In a footnote, he stated:

"ECU Health argues that it cannot be held liable under § 1983 because it is not a state actor. In light of the court's resolution of the merits of Avens's constitutional claims, it need not address that argument. The same goes for ECU Health's statute of limitations argument." (DE 87 p. 18, n.3).

By adopting this reasoning, the district court put the cart before the horse. It dismissed the constitutional claims on the "merits" without ever establishing that ECU Health could be held liable for constitutional violations in the first place. Whether a defendant is a state actor is a fundamental element of a § 1983 claim that must be analyzed, not assumed away.

This Court's precedent in *Philips v. Pitt County Memorial Hospital*, 572 F.3d 176 (4th Cir. 2009), provides the mandatory, fact-specific test for determining if this very hospital (now named ECU Health) is a state actor. The district court was required to apply the *Philips* test to the detailed factual allegations showing ECU Health's joint action with state law enforcement, officials, and as of lately, schools. Instead, it bypassed this controlling precedent entirely.

Similarly, the court never addressed the statute of limitations for the federal claims —including those under 42 U.S.C. §§ 1981, 1983, 1985, and Title VI —leaving a dispositive defense unresolved. Instead of ruling on this matter, Judge Myers folded the issue into his state-law analysis (DE 114 pp. 18–20), citing Ketema v. Midwest Stamping, 180 F. App'x 427 (4th Cir. 2006) to justify dismissal even though Ketema concerns supplemental jurisdiction, not § 1983 timeliness.

By entering a final judgment with prejudice while these fundamental issues remained undecided, the district court failed to conduct the de novo review

required by 28 U.S.C. § 636(b)(1). See *United States v. George*, 971 F.2d 1113, 1118 (4th Cir. 1992) ("A district court must consider all arguments directed to an issue to which proper objection has been made."). This procedural error renders the judgment defective and requires reversal and remand for proper application of the *Philips* framework to the well-pleaded factual record and a proper statute of limitations analysis based on the facts pled, including admitted spoliation of evidence by the defendant – discussed in Issue #3.

## ISSUE 3

**Whether the district court erred by denying without prejudice Avens's Rule 37(e) motion for sanctions, thereby failing to evaluate admitted evidence spoliation that directly impacted the merits of her federal claims.**

<u>**SUPPORTING FACTS AND ARGUMENT:**</u>

A key piece of evidence in this case was a publicly posted autopsy policy on the website: *https://ecuphysicians.ecu.edu/pathology/autopsy/faq/* - a site owned by East Carolina University ("ECU") and applied to the medical examiner's office located within the Brody School of Medicine, also owned by ECU. This policy explicitly confirmed a family's right to request autopsy reports directly from the

Medical Examiner, contradicting the defendants' actions of stonewalling and redirection. After discovering this policy, Avens cited it in her Objections to the Magistrate's Recommendation to prove her claims (DE 95, pp. 22-23), though proof is not the standard at the pleading stage.

At some point between Avens's filing (docketed March 12, 2025) that put the defendants on notice of this critical evidence and approximately July 17, 2025, when Avens first learned of it, the webpage was redirected to an ECUH Health-owned webpage and the policy was nowhere to be found. This prompted Avens to file a motion for sanctions for spoliation of evidence (DE 111). In their response, ECU Health made a stunning admission: "ECU Health and ECU agreed to sunset the URL as part of an ongoing clinic integration…" (DE 112 p. 6). This is an admission of intentional spoliation, especially since no litigation hold was placed on the ESI by ECU Health, other defendants, nor either's counsel. Instead, ECU Health retained a private copy for themselves, failed to notify Avens and the court, and was only forthcoming with information after the motion for sanctions was filed.

In the same September 25, 2025, Order that dismissed all federal claims with prejudice, Judge Myers denied Avens's pending Rule 37(e) motion for sanctions *without prejudice*, acknowledging the "early posture of this case" and

the "stay of all discovery currently in place." (DE 114, p. 20). This was a clear abuse of discretion. A court cannot bar discovery and then rely on the resulting evidentiary gap to avoid ruling on a live Rule 37(e) issue that directly affects those same merits. See *Silvestri v. General Motors Corp.*, 271 F.3d 583, 593 (4th Cir. 2001) (spoliation sanctions must be determined according to prejudice and intent, not avoided by procedural default). The court's failure essentially rewarded the defendants' misconduct while simultaneously sanctioning Avens with dismissal for notifying the court and requesting relief.

The spoliation directly prejudiced Avens's case. The removed policy was direct evidence supporting:

(1) Dr. Kelly's status as a "willing speaker" for the First Amendment claim;

(2) the "joint action" between ECU Health and a state actor (ECU) needed for the § 1983 claim; and

(3) an overt act of concealment that tolls the statute of limitations.

The court's failure to address this issue and to consider the appropriate adverse inferences against the Defendants tainted its entire analysis and requires reversal. See Fed. R. Civ. P. 37(e)(2) (authorizing severe sanctions for the intentional destruction of electronically stored information).

It is also worth mentioning here that the sanctions motion was dismissed even though Dr. Kelly failed to respond.

The judgment should therefore be vacated and remanded with instructions to lift the discovery stay and conduct a full Rule 37(e) evaluation, including findings on (1) the existence and scope of spoliated ESI, (2) the prejudice to Avens, and (3) whether intent to deprive can be inferred from defendants' conduct and timing of destruction.

## ISSUE 4

**Whether the district court erred by granting absolute prosecutorial immunity to Defendant Dixon for conduct that was purely investigative and occurred before any probable-cause determination was made.**

### SUPPORTING FACTS AND ARGUMENT:

Absolute immunity protects a prosecutor's functions as a courtroom advocate, not as an investigator or administrator. The Supreme Court requires a "functional approach" that looks to the nature of the act performed, not the identity of the actor. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). Acts taken before the establishment of probable cause are investigative and receive only

qualified immunity. *Id.* at 273. The burden rests on the official seeking immunity to prove it is justified.

Dixon failed to meet this burden. Avens's complaint details numerous actions by Dixon that were plainly investigative: lying about possessing a medical examiner's report, obstructing the fact-finding process for years, and failing to secure evidence he claimed was necessary. These were not acts of advocacy; they were administrative acts designed to thwart the initiation of a criminal case. Dixon himself repeatedly stated that no crime occurred, negating any possibility of probable cause, and even referred to his own work as an "investigation" (DE 33-11, pp. 3, 10; DE 75, p. 21).

The magistrate judge's analysis of this issue was fatally contradictory. He first correctly found that Dixon's out-of-court deception was not a prosecutorial function and thus was not protected by absolute immunity (DE 87, p. 14). He then reversed course, re-characterizing the same pre-probable cause conduct as "evaluating evidence" to shield Dixon from the Fourteenth Amendment claims with absolute immunity (DE 87, p. 15). The same continuous course of conduct cannot be both investigative and prosecutorial.

The district court's order was procedurally defective because it failed to resolve this contradiction through the required de novo review. Instead, the court

abdicated its duty under 28 U.S.C. § 636(b)(1), speculating that the magistrate was "likely in an attempt to conduct a thorough analysis" (DE 114, p. 12). This is not a legal finding; it is an improper substitution of guesswork for the independent determination required by this Court. See *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

The error was compounded because Defendant Dixon failed to file any response to Avens's specific objections regarding absolute immunity, leaving them unopposed. By stepping in to justify the flawed M&R, the district court abandoned its neutral role and became an advocate, constructing the very arguments Dixon failed to make. This is not de novo review; it is *de novo advocacy*. This intervention deprived Avens of a fair adversarial process and her right to be heard, rendering the adoption of the M&R procedurally defective and requiring reversal.

## ISSUE 5

**Whether the district court erred in granting qualified immunity to Dr. Kelly by mischaracterizing the claim as one against a passive victim of chilling, rather than a liable state actor who jointly participated in the constitutional violation.**

**SUPPORTING FACTS AND ARGUMENT:**

The district court's dismissal of the First Amendment claim against Dr. Kelly rests on a fundamental legal error: it mischaracterized her role and, consequently, the nature of the claim. The court concluded Avens sued the "wrong party" by targeting the chilled speaker (Dr. Kelly) instead of the government entity doing the chilling (DE 114, p. 11). This rationale completely misunderstands the § 1983 claim brought against Dr. Kelly as a state actor.

The court's logic applies only when a government entity chills the speech of a private citizen. That is not the case here. Dr. Kelly is not a private citizen; she is a state official with independent, non-delegable, non-discretionary statutory duties. Her actions are, by definition, performed under color of state law.

The claim against Dr. Kelly is not that she was a passive victim. It is that she was an active, **joint participant** in a constitutional violation. Avens alleges that Dr. Kelly, acting under color of state law, unconstitutionally complied with an external directive from ECU Health to abdicate her official duties, thereby effectuating the censorship scheme. Her compliance was not mere inaction; it was the state action that violated the First Amendment. Under a joint-action theory, a state official who conspires with or acts in concert with another entity to deprive a person of their constitutional rights is a proper defendant under § 1983. Dr. Kelly is

therefore not the "wrong party"; she is a necessary and proper party because her own state action is at the heart of the violation.

The court compounded this error by improperly resolving the factual question of whether Dr. Kelly was a "willing speaker." Avens pleaded the existence of a spoliated autopsy policy that explicitly invited families to contact the medical examiner's office for reports and consultations. At the Rule 12(b)(6) stage, this allegation must be accepted as true. Instead, the court demanded proof of willingness—a summary judgment standard—while discovery was stayed and the defendants had destroyed the very evidence that would have proven the allegation. This Court has made clear that the factual inquiry into a speaker's willingness is for after discovery, not at the pleading stage. See *Stephens v. Cnty. of Albemarle*, 524 F.3d 485, 492 (4th Cir. 2008).

The dismissal was based on a flawed legal theory and an improper resolution of disputed facts, and it must be reversed.

## ISSUE 6

**Whether the district court erred in granting qualified immunity to Defendant Dixon by (i) mischaracterizing Avens's claim as a novel right to "truthful information," and (ii) failing to recognize that the claim was grounded in the**

**clearly established constitutional right to be free from deliberate official deception that obstructs justice.**

**SUPPORTING FACTS AND ARGUMENT:**

Qualified immunity shields an official only if their conduct does not violate a constitutional right that was "clearly established" at the time. A right is clearly established when its contours are so well defined that every reasonable official would have understood that what they are doing violates that right. This standard does not require a prior case with identical facts.

The district court granted qualified immunity to Dixon by first mischaracterizing Avens's claim. It framed the claim as an assertion of a novel constitutional "right to truthful information from a prosecutor during an investigation" (DE 114, p. 13). By defining the right at this high level of specificity, the court created a straw man that was easy to find "not clearly established."

This was a fundamental distortion of the claim. Avens's claim is not about a generalized right to truth. It is about the clearly established Fourteenth Amendment due process right to be free from deliberate, bad-faith deception by a state official that actively obstructs the administration of justice and a citizen's access to the courts. The well-pleaded facts allege that Dixon engaged in a years-

long course of conduct—including lying about the existence of evidence and feigning an investigation—that was designed to, and did, thwart her ability to seek accountability for her daughter's homicide. It has long been established that state officials cannot use their authority to arbitrarily and deceptively interfere with the judicial process.

Because the district court analyzed the wrong constitutional right, its qualified immunity analysis was fatally flawed and must be reversed.

## RELIEF REQUESTED

Cynthia Avens, Plaintiff–Appellant, respectfully requests that this Court vacate the district court's judgment (DE 115) and order (DE 114) and remand for discovery and proper adjudication of all federal claims, including determinations and proper analysis on Rule 37(e) spoliation, statute-of-limitations, state-actor status, and immunity defenses. Specific relief for each issue is also included in the issues 1-6 above.

## PRIOR APPEALS

**Have you filed other cases in this court?** NO

Respectfully submitted November 7, 2025

/s/ <u>Cynthia B. Avens,</u> Pro Se Appellant
Cynthia B. Avens
303 Riverside Trl
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107

**CERTIFICATE OF SERVICE**

I hereby certify that on November 7, 2025, I electronically filed the Disclosure

Statement via the CM/ECF system, which will automatically send notification

to the defendants' counsel on record.

Respectfully submitted, November 7, 2025

/s/ Cynthia B. Avens

Cynthia B. Avens
303 Riverside Trail
Roanoke Rapids, NC 27870
Avens1@charter.net
252-203-7107
*Pro Se Litigant*

Jeremy D. Lindsley
Assistant Attorney General
N.C. Department of Justice
P.O. Box 629
Raleigh, NC 27602
jlindsley@ncdoj.gov
Tel: 919-716-6920
Fax: 919-716-6764
NC State Bar No. 26235
*Counsel for Dr. Karen Kelly*

Daniel D. McClurg
K&L Gates LLP
300 South Tryon Street, Suite 1000
Charlotte, North Carolina 28202
daniel.mcclurg@klgates.com
(704) 331-7400
(704) 353-3114
NC Bar #53768
*Counsel for Defendant PCMH, Inc*

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
terrence.mckelvey@klgates.com
(615) 780-6700
(615) 780-6799
NC Bar #47940
*Counsel for Defendant PCMH, Inc.*

Kristin J. Uicker
Special Deputy Attorney General
North Carolina Department of Justice
Post Office Box 629
Raleigh, North Carolina 27602
Phone: (919) 716-6500
Fax: (919) 716-0001
kuicker@ncdoj.gov
State Bar No. 41872
*Attorney for Defendant Faris C. Dixon, Jr.*