CASE NO. 25-2314

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

CYNTHIA AVENS,

*Plaintiff / Appellant*

v.

FARIS C. DIXON, JR., et al.,

*Defendants / Appellees*

On Appeal from the United States District Court for the
Eastern District of North Carolina

INFORMAL RESPONSE BRIEF OF DEFENDANT / APPELLEE
PITT COUNTY MEMORIAL HOSPITAL, INC.

Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
terrence.mckelvey@klgates.com

*Counsel for Defendant / Appellee*
*Pitt County Memorial Hospital,*
*Inc.*

1604101332.1

**STATEMENT OF THE CASE**

Plaintiff / Appellant Cynthia Avens ("Avens") initiated this lawsuit on March 22, 2024, through which she asserts claims against Defendants / Appellees Pitt County Memorial Hospital, Inc. ("ECU Health")[1], Faris C. Dixon, Jr. ("District Attorney Dixon"), and Karen Kelly, M.D. ("Dr. Kelly"). (Complaint, RE 1). Through her Amended Complaint, Avens alleges violations of (1) 42 U.S.C. § 1983 ("Section 1983"); (2) 42 U.S.C. § 1981 ("Section 1981"); (3) 42 U.S.C. § 1985 ("Section 1985"); (4) Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.*; and (5) North Carolina state law. (Amended Complaint, RE 33). Avens' claims arise out of the death of her daughter, Keisha White, which occurred a decade before Avens initiated this lawsuit. The crux of Avens' claims is that Appellees violated her constitutional rights and racially discriminated against her in connection with the investigation of her daughter's death.

Appellees filed separate motions to dismiss, through which they all asked the District Court to dismiss Avens' claims for failure to state a claim on which relief may be granted. Magistrate Judge Robert T.

---

[1] Pitt County Memorial Hospital, Inc. does business as ECU Health Medical Center and is referred to herein as ECU Health.

1

Numbers, II, conducted a hearing on the motions to dismiss on October 8, 2024, and on January 30, 2025, he entered a detailed twenty-nine-page Memorandum & Recommendation through which he recommended that the District Court grant Appellees' motions and dismiss Avens' claims against them. (Memorandum & Recommendation, RE 87).

As to ECU Health, Magistrate Judge Numbers recommended (1) that Avens' Section 1983 claim be dismissed because she failed to allege a violation of her First Amendment rights, her rights under the Fourteenth Amendment's Equal Protection Clause, or her rights right the Fourteenth Amendment's Due Process Clause; (2) that Avens' Section 1981 claim be dismissed because she did not allege that ECU Health discriminatorily interfered with a contractual relationship; (3) that Avens' Section 1985 claim be dismissed because she did not allege a conspiracy motivated by a race-based animus; (4) that Avens' Title VI claim be dismissed because she failed to allege intentional discrimination because of her race; and (5) that Avens' state laws claims be dismissed based on the District Court's discretion to decline to exercise supplemental jurisdiction over those claims in the absence of a well-pled federal claim. (Memorandum & Recommendation, RE 87).

2

Avens objected to the Memorandum & Recommendation, and the District Court conducted a de novo review of the portions of the Memorandum & Recommendation to which Avens properly objected. Through a detailed twenty-one-page Order, the District Court adopted the Memorandum & Recommendation and dismissed Avens' federal claims with prejudice for failure to state a claim on which relief may be granted, and her state-law claims without prejudice based on its discretion to decline to exercise supplemental jurisdiction. (Order Granting Motions to Dismiss, RE 114). In doing so, the District Court specifically addressed and overruled Avens' objections to the recommended dismissal of her Section 1983, Section 1981, Section 1985, and Title VI claims against ECU Health. (*Id.*).

This appeal followed. In her Informal Brief, Avens raises three issues that relate to her claims against ECU Health: (1) whether the District Court erred by dismissing all federal claims with prejudice without allowing her to first conduct discovery; (2) whether the District Court erred in dismissing Avens' Section 1983 claim against ECU Health without addressing the "threshold dispositive issues" of state action and statute of limitations; and (3) whether the District Court erred in denying

3

without prejudice Avens' Motion for Sanctions for Spoliation of Evidence.[2] (*See* Avens' Informal Brief, Issues 1-3).

None of these issues, however, warrants reversal of the District Court's dismissal of Avens' claims against ECU Health. First, Avens is not entitled to bypass the pleading stage to obtain discovery in the hope that it will reveal facts to support her claims, and her failure to allege any facts to support her assertions that ECU Health violated federal law means that the District Court properly dismissed her claims. Second, neither state action nor the applicable statute of limitations provides a basis for reversal. While ECU Health argued in its Motion to Dismiss that it was not a state actor and that Avens' claims are time barred, the District Court was not required to address those arguments once it determined that Avens failed to sufficiently allege a violation of federal law. Third, the District Court properly denied Avens' request for spoliation sanctions, as such a request was premature since the case did not proceed past the pleading stage and to the discovery phase.

---

[2] Avens raises three additional issues in her Informal Brief, but they relate to her claims against District Attorney Dixon and Dr. Kelly and do not concern her claims against ECU Health. (*See* Avens' Informal Brief, Issues 4-6).

1604101332.1

In sum, the District Court did not commit reversible error in dismissing Avens' claims against ECU Health. Therefore, ECU Health respectfully requests that this Court affirm the judgment below.

## ARGUMENT

### 1. The District Court Did Not Commit Error in Assessing the Allegations in the Amended Complaint Without Permitting Avens to First Engage in Discovery.

Avens' Informal Brief does not dispute that she failed to adequately allege a violation of federal law by ECU Health, which is why the District Court dismissed her federal claims against ECU Health with prejudice. Instead, in contending that the District Court erred by "rul[ing] on the sufficiency of evidence" that Avens "was never allowed obtain or present[,]" Avens in essence asks this Court to allow her to skip the pleading stage and proceed to discovery so that she may obtain information to support her claims. (*See* Avens' Informal Brief, Issue 1). The District Court, however, based its dismissal of Avens' claims on the sufficiency of her allegations, and stating a claim for relief was a hurdle that she needed to clear before being permitted to obtain evidence in discovery to support her claims.

5

Indeed, it is well-settled that a party is not entitled to discovery before a complaint can be dismissed for failure to state a claim on which relief may be granted. *See Ashcroft v. Iqbal*, 556 U.S. 662, 686 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Desper v. Clarke*, 1 F.4th 236, 249 (4th Cir. 2021) ("Insofar as [the plaintiff] is unaware of adequate facts to support a plausible claim for relief, his inability to marshal facts absent discovery cannot save his conclusory and speculative allegations from dismissal."). In contending that the District Court "foreclosed meaningful factual development[,]" Avens now asks this Court to allow her to obtain the facts she needs to support her claims after filing suit. As the District Court correctly determined, however, Avens' failure to allege any facts to plausibly support her assertions that ECU Health violated Section 1983, Section 1981, Section 1985, or Title VI is fatal to her federal claims against ECU Health. Avens is not entitled to a fishing expedition with the goal of discovering facts to support claims that she failed to sufficiently assert, and the District Court properly dismissed her claims against ECU Health as a result.

**2.    The District Court Appropriately Declined to Decide Whether ECU Health is a State Actor and Whether Avens' Claims are Time Barred.**

Avens next seeks reversal of the District Court's Order on grounds that it purportedly failed to conduct a de novo review of the Magistrate Judge's Memorandum & Recommendation because it did not determine whether ECU Health is a state actor or whether her claims are barred by the applicable statutes of limitations.  (*See* Avens' Informal Brief, Issue 2).  The District Court, however, was not required to address every legal argument that ECU Health advanced in seeking dismissal of Avens' claims.  *See Marley v. Univ. of S.C.*, 2010 WL 3852175, at *2 (D.S.C. Sept. 27, 2010) (declining to find error when a plaintiff objected to a magistrate judge's report and recommendation on the basis that the report erred by failing to address every argument presented).  Instead, the District Court appropriately addressed Avens' failure to sufficiently allege a First Amendment or Fourteenth Amendment violation for purposes of her Section 1983 claim and her failure to allege a violation of Section 1981, Section 1985, or Title VI, which Avens again does not dispute on appeal.

Indeed, because Section 1983 requires that Avens allege ***both*** that she was (1) deprived of a right secured by the Constitution and laws of

7

the United States and (2) that the deprivation was performed under color of the referenced sources of state law found in the statute, *Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009), adequate discussion of her Section 1983 claim did not require the District Court to address state action in the absence of a well-pled constitutional violation. Once the District Court determined following a detailed de novo review that Avens failed to adequately allege a constitutional violation, whether to address the state action argument that ECU Health advanced was fully within the District Court's discretion. The District Court's analysis of Avens' Section 1983 claim thus did not "rest[] on a flawed procedural foundation" just because it determined that she failed to allege the first essential element and declined to address the second element.

Similarly, the District Court did not need to determine whether Avens' federal claims were timely once it appropriately determined that she failed to allege that ECU Health violated federal law. The District Court did not "fold[] the [statute of limitations] issue into [its] state-law analysis[;]" rather, like the Magistrate Judge, the District Court did not address ECU Health's argument that Avens' federal claims were time barred because it resolved those claims on their merits. The District

8

Court instead merely referenced the North Carolina statutes of limitations for obstruction of justice and negligence *per se* in declining to exercise supplemental jurisdiction over Avens' state-law claims, which was entirely proper, and which Avens does not dispute on appeal.

In sum, the District Court did not commit a "procedural error" or any other kind of error in declining to address whether ECU Health is a state actor or whether Avens' federal claims are time barred. The District Court properly conducted a de novo review of whether Avens alleged that ECU Health violated federal law, and its determination that Avens failed to state a claim against ECU Health should therefore be affirmed.[3]

### 3.    The District Court Properly Denied Avens' Request for Spoliation Sanctions Given Her Failure to State a Claim for Relief.

Avens also challenges the District Court's without prejudice denial of her Motion for Sanctions for Spoliation of Evidence, contending that

---

[3] Moreover, contrary to Avens' contention that state action and the applicable statutes of limitations provide grounds for reversal of the District Court's decision, ECU Health's state action argument in fact provides an alternative basis on which to affirm the dismissal of Avens' Section 1983 claim, and its statute of limitations argument provides an alternative basis on which to affirm the dismissal of all of her federal claims. *See Ostrzenski v. Seigel,* 177 F.3d 245, 253 (4th Cir. 1999) (noting that an appellate court may affirm on any ground supported by the record, even if it is not one relied on by the district court).

1604101332.1

certain evidence she claims was destroyed by ECU Health "directly impacted the merits of her federal claims." (Avens' Informal Brief, Issue 3). Setting aside the fact that Avens' request for spoliation sanctions is meritless because ECU Health did not lose or fail to preserve relevant evidence (*see* Response to Motion for Sanctions, RE 112), the District Court did not err in denying Avens' motion without prejudice given its dismissal of the lawsuit in its entirety.

Indeed, as stated in ECU Health's Response to Avens' Motion for Sanctions, "[f]ederal courts have broad discretion in controlling their dockets" and also "have a general duty to avoid deciding unnecessary issues." *Taylor v. Walter Kidde Portable Equip., Inc.*, 2025 WL 1758347, at \*15 (M.D.N.C. May 28, 2025), *report and recommendation adopted*, 2025 WL 1755911 (M.D.N.C. June 25, 2025) (citations omitted). Once the District Court concluded that Avens failed to state a claim on which relief may be granted and dismissed her lawsuit in its entirety, it became unnecessary to address the merits of her request for spoliation sanctions. The District Court's denial of Avens' Motion for Sanctions without prejudice thus was entirely proper and provides no basis for vacating the judgment in ECU Health's favor.

10

1604101332.1

## CONCLUSION

Well-established pleading standards dictate what Avens needed to allege to state a claim for relief against ECU Health.  Avens, however, fell far short of meeting those standards, and the District Court appropriately dismissed her federal claims against ECU Health with prejudice.  None of the issues Avens identifies in her Informal Brief warrant reversal of the District Court's decision in that regard.  The District Court also properly declined to exercise supplemental jurisdiction over Avens' state-law claims in the absence of any well-pled federal claim.  Accordingly, the Court should affirm the District Court's dismissal order and affirm the entry of judgment in ECU Health's favor.

Respectfully submitted,

/s/ Terrence M. McKelvey
Terrence M. McKelvey
K&L Gates LLP
501 Commerce Street, Suite 1500
Nashville, Tennessee 37203
Telephone: (615) 780-6700
terrence.mckelvey@klgates.com

*Counsel for Defendant / Appellee Pitt County Memorial Hospital, Inc.*

11

1604101332.1

12

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2025, the foregoing document was served on all counsel of record by electronically filing same with the Clerk of Court using the Appellate ECF system and upon Appellant Cynthia Avens via U.S. Mail, postage prepaid, at the address listed below:

Cynthia Avens
300 Riverside Trail
Roanoke Rapids, NC 27870

/s/ Terrence M. McKelvey
Terrence M. McKelvey

1604101332.1